UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTA UNIFIED SCHOOL DISTRICT,<br><br>      Plaintiff,<br><br>v.<br><br>GOLDEN EAGLE INSURANCE CORPORATION, *et al.*,<br><br>      Defendants. | Case No. 12-cv-2621-L(NLS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

     On October 29, 2012, Plaintiff Vista Unified School District ("District") commenced this action against Defendants Golden Eagle Insurance Corporation ("Golden Eagle") and Peerless Insurance Company ("Peerless"), asserting various claims arising from an insurance-coverage dispute. Plaintiff appears to have filed this action based upon federal diversity jurisdiction, though the precise grounds of jurisdiction are not alleged in complaint. (*See* Compl. ¶ 4.)

     For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter jurisdiction.

//

## I.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.    ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the plaintiff must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of

citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Id.* (quoting 28 U.S.C. § 1332(c)(1)). "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation." *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision) (emphasis added).

      In its complaint, Plaintiff defines the parties involved in this action as follows: (1) "[The District] is a California public entity within the County of San Diego, State of California"; (2) "[Peerless] is a Massachusetts Corporation doing business in the County of San Diego, State of California"; and (3) "[Golden Eagle] is a New Hampshire Corporation doing business in the County of San Diego, State of California[.]" (Compl. ¶¶ 1–3.) These definitions are followed by the sole allegation addressing jurisdiction, which states that "Jurisdiction and venue are proper within this jurisdiction as this is where the claim arose." (*Id.* ¶ 4.) Aside from the wholly insufficient statement of jurisdiction, Plaintiff fails to allege Defendants' principal places of business. This failure casts doubt as to whether this Court properly has subject-matter jurisdiction over this case because the Court cannot conclude that there is complete diversity between the parties. *See Tosco*, 236 F.3d at 499.

      Alternatively, Plaintiff may have meant the "doing business in" language to indicate Defendants' principal places of business. However, under that interpretation, and given that both Defendants are "doing business in" California, that would make both Defendants also citizens of California. *See Aldridge*, 56 F.3d at 73. Plaintiff is also a California citizen based on the allegations in the complaint. (Compl. ¶ 1.) Consequently, Plaintiff would fail to satisfy the complete-diversity-of-citizenship requirement under 28 U.S.C. § 1332.

//

//

### III.  CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-matter jurisdiction.  *See Tosco*, 236 F.3d at 499.  If Plaintiff can correct this deficiency in the complaint, it may file an amended complaint by **November 19, 2012**.  *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: November 5, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL